UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| RICHARD L. BELL, | ) | CASE NO: 1:11-cv-2092 |
| | ) | |
| Plaintiff, | ) | JUDGE GWIN |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | NANCY A. VECCHIARELLI |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | **REPORT AND RECOMMENDATION** |

This case is before the undersigned United States Magistrate Judge pursuant to an automatic referral under Local Rule 72.2(b). Defendant, Michael J. Astrue, the Commissioner of Social Security ("the Commissioner"), moves to dismiss the complaint of Plaintiff, Richard L. Bell ("Plaintiff"), for the reason that Plaintiff has failed to exhaust administrative remedies and, therefore, this matter is beyond the Court's subject matter jurisdiction. (Doc. No. 8.) Plaintiff opposes the Commissioner's motion. (Doc. No. 10.) For the reasons set forth below, the Commissioner's motion should be GRANTED.

**I.**

Plaintiff applied for Social Security disability benefits under Titles II and XVI of the Social Security Act ("the Act"). (Compl. ¶ 4.) Plaintiff's applications were denied initially on

December 13, 2007, and upon reconsideration on April 8, 2008. (Compl. ¶ 4; Def.'s Mem. 1.) More than 18 months later, on or around October 19, 2010, Plaintiff requested a hearing before an administrative law judge ("ALJ").[1] (Compl. ¶ 5.) Plaintiff's request for a hearing was untimely, however, so Plaintiff included with his request a statement of good cause for filing his request out of time. (Compl. ¶ 5.) On January 21, 2011, the ALJ denied Plaintiff's untimely request for a hearing because Plaintiff failed to show good cause for filing the request out of time:

> The claimant's attorney has stated the Request for Hearing was not timely filed because the Appointment of Representative form was filed in February, 2008 and the attorney should have been sent a copy of the denial notice.
>
> However, a review of the Appointment of Representative form reveals that it was dated February 27, 2008, but not actually filed with the district office until April 17, 2008.
>
> Therefore, since there was no attorney of record as of April 8, 2008, there was no duty to sen[d] a copy of the reconsideration notice to an attorney. In fact, when the Appointment of Representative was filed on April 17, 2008 the status of the claim should have been determined by the representative then.
>
> Instead, there has been no follow-up by the claimant nor representative in nearly 3 years and good cause cannot be found to extend the time for filing an appeal.

(Compl. ¶ 5; ALJ's Decision at 2, Def.'s Ex. 5, Doc. No. 8-2.)

Plaintiff requested the Appeals Council of the Social Security Administration to review the ALJ's dismissal. (Compl. ¶ 6.) On July 21, 2011, the Appeals Council declined to review the ALJ's dismissal. (Compl. ¶ 6.) On July 25, 2011, Plaintiff requested the Appeals Council to reconsider (Compl. ¶ 7), and on September 20, 2011, the Appeals

---

[1] The Commissioner alleges that Plaintiff requested a hearing on January 4, 2011; however, the evidence to which the Commissioner cites reveals that January 4, 2011, is the date of a notice from the Social Security Administration confirming Plaintiff's request for a hearing made on October 21, 2010.

Council declined to reconsider its decision (Compl. ¶ 9).  The Appeals Council would not review the ALJ's decision to dismiss Plaintiff's untimely request for a hearing because it found that the evidence supported the ALJ's decision.  (*See* Letter from Appeals Council to Glen Richardson, Def.'s Ex. 9, Doc. No. 8-2.)  The Appeals Council specifically explained that the evidence supported the conclusions that Plaintiff's counsel was not counsel of record at the time Plaintiff's applications were denied upon reconsideration and, therefore, Plaintiff's counsel was not entitled to notice at that time; and that there was no reason for the delay in requesting a hearing because Plaintiff had been given timely and proper notice and could have either informed counsel of the status of his applications or filed the request for a hearing himself.  (*See* Letter from Appeals Council to Glen Richardson, Def.'s Ex. 9, Doc. No. 8-2.)

On October 3, 2011, Plaintiff filed his complaint.  (Doc. No. 1.)  Plaintiff alleges that "dismissal of the request for hearing is a violation of the Plaintiff's right to due process under the Fifth Amendment of the U. S. Constitution," and "prays for judgment against Defendant dismissing his request for a hearing, and asks that the decision be reversed, and that the Defendant be ordered to hold a hearing regarding his application for disability benefits."  (Compl. 2-3.)

On November 23, 2011, the Commissioner filed his motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1).  (Doc. No. 8.)  The Commissioner argues that the Court lacks subject matter jurisdiction to entertain Plaintiff's claim because Plaintiff failed to exhaust his administrative remedies before filing suit.

On December 12, 2011, Plaintiff filed his response in opposition to the Commissioner's motion.  (Doc. No. 10.)

3

**II.**

The party opposing a motion to dismiss for lack of subject matter jurisdiction has the burden of proving subject matter jurisdiction. *GTE North, Inc. v. Strand*, 209 F.3d 909, 915 (6th Cir. 2000). For the following reasons, Plaintiff has failed to prove the Court has subject matter jurisdiction.

Title 42 U.S.C. § 405(g) and (h) authorize judicial review in cases arising under Title II of the Social Security Act, and those provisions make clear that they are the exclusive jurisdictional basis for judicial review. Title 42 U.S.C. § 405(g) ("§ 405(g)") provides:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

Title 42 U.S.C. § 405(h) ("§ 405(h)") provides:

> No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the Commissioner of Social Security or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28, United States Code, to recover on any claim arising under this subchapter.

Thus, Congress has explicitly stated that, in claims arising under the Social Security Act, judicial review is permitted only in accordance with § 405(g).

Section 405(g) authorizes judicial review only of a "final decision of the Commissioner of Social Security made after a hearing." The Sixth Circuit has held that when a request for a hearing is dismissed, there is no final decision of the Commissioner of Social Security made after a hearing for a district court to review. *Hilmes v. Sec'y of Health & Human Servs.*, 983 F.2d 67, 69-70 (6th Cir. 1993). Accordingly, as Plaintiff's untimely

4

request for a hearing was dismissed, the Court does not have jurisdiction under § 405(g) to hear Plaintiff's claim.

But Plaintiff has raised a constitutional challenge to the denial of his untimely request for a hearing—namely, a violation of due process under the Fifth Amendment of the United States Constitution.  A constitutional challenge is an exception to the rule that a district court is without jurisdiction to hear an appeal from a dismissal in the absence of a final decision.  *See Califano v. Sanders*, 430 U.S. 99, 109 (1977) ("Constitutional questions obviously are unsuited to resolution in administrative hearing procedures and, therefore, access to the courts is essential to the decision of such questions."); *Hilmes*, 983 F.2d at 70.  When a constitutional claim is made in conjunction with a social security benefits case, jurisdiction may attach outside the scope of § 405(g) and despite the foreclosure of general federal question jurisdiction over social security appeals as set forth in § 405(h).  *Harper v. Sec'y of Health & Human Servs.*, 978 F.2d 260, 262-63 (6th Cir. 1992) (citing *Sanders*, 430 U.S. at 107-09).  But the claimant must make a *colorable* constitutional claim to establish subject matter jurisdiction.  *Glazer v. Comm'r of Soc. Sec.*, 92 F. App'x 312, 314 (6th Cir. 2004) (citing *Cottrell v. Sullivan*, 987 F.2d 342, 345 (6th Cir. 1992)).

Plaintiff alleges in his complaint that his right to due process, generally, was violated because the ALJ dismissed his untimely request for a hearing.  But an untimely request for a hearing need not be granted if the claimant fails to show good cause for his delay.  *See* 20 C.F.R. § 404.933(c) *and* § 416.1433(c).  Plaintiff does not argue, and the Court is not persuaded that a mere denial of an untimely request for a hearing violates due process. *See Sanders*, 430 U.S. at 108 ("An interpretation that would allow a claimant judicial review

5

simply by filing and being denied a petition to reopen his claim would frustrate the congressional purpose, plainly evidenced in § 205(g), to impose a 60-day limitation upon judicial review of the Secretary's final decision on the initial claim for benefits."). Moreover, Plaintiff does not allege any facts that support the conclusion that the ALJ's reasons for denying Plaintiff's untimely request for a hearing were inappropriate or insufficient.

In his response in opposition to the Commissioner's motion, Plaintiff clarifies that he is pursuing a *procedural* due process claim,[2] but Plaintiff devotes only two sentences to his position:

---

[2] A procedural due process claim asserts that although the deprivation of a constitutionally-protected interest in "life, liberty, or property" may not of itself have been unconstitutional, the procedure by which the deprivation was effected was unconstitutional. *Parratt v. Taylor,* 451 U.S. 527, 537 (1981); *Carey v. Piphus,* 435 U.S. 247, 259 (1978) ("Procedural due process rules are meant to protect persons not from the deprivation, but from the mistaken or unjustified deprivation of life, liberty or property"). To determine whether a constitutional violation has occurred, a court must determine what process was provided, and whether it was constitutionally adequate. *Zinermon v. Burch,* 494 U.S. 113, 125 (1990). This inquiry would examine the procedural safeguards built into the statutory or administrative procedure effecting the deprivation, as well as any remedies for erroneous deprivations provided by law. *Id.* Courts weigh several factors in making this determination:

> First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

*Mathews v. Eldridge,* 424 U.S. 319, 335 (1976).

> The question that needs to be addressed is whether the Plaintiff's assigned counsel, who entered his appearance before the Social Security Administration prior to the denial on Reconsideration, is entitled to notice of the Reconsideration determination and whether a failure to receive same constitutes a violation of due process?
>
> . . . . .
>
> It would seem that proper notice to counsel of record is a procedural safeguard that would be protected by due process, but since the record has not yet been filed in this case, the actual evidence on this issue cannot be presented.

(Pl.'s Response 2.) Plaintiff has not set forth an argument for how his right to procedural due process was violated; he has merely raised questions of whether his counsel is entitled to notice and whether a failure of counsel to receive such notice constitutes a violation of procedural due process. Plaintiff utterly fails to allege, explain, present evidence, or cite evidence that his counsel did not receive notice, or that the administration's procedures relevant to a claimant's untimely request for a hearing were not properly followed under the circumstances of this case.

Plaintiff contends that he cannot produce evidence in support of his constitutional claim because the Commissioner has not yet filed the administrative record. The Court is not persuaded that Plaintiff was foreclosed from supporting any constitutional claim with evidence. See Cottrell, 987 F.2d at 345 ("The suggestion that the plaintiff might have been able to demonstrate a violation of his constitutional rights if the Secretary had provided him a transcript is not persuasive. The plaintiff knew perfectly well what evidence had been submitted to the agency.") The Commissioner attached relevant evidence from the administrative record to his motion, and Plaintiff did not cite to that evidence or offer an explanation for why that evidence was irrelevant. Furthermore, nothing prevented Plaintiff

7

from filing affidavits or personal correspondence with the administration in support of his claim. *See Glazer*, 92 F. App'x at 315 ("The Constitution does not exempt citizens from the responsibility of maintaining their own records.").

The Court will not speculate whether and how Plaintiff was allegedly deprived of his right to due process. Although Plaintiff alleged a constitutional claim in his complaint, he has failed to establish a colorable constitutional claim that would vest the Court with subject matter jurisdiction outside the scope §§ 405(g) and (h). *See Cottrell*, 987 F.2d at 345 (finding that "the plaintiff's constitutional claim was simply not colorable" because "the plaintiff has given us no reason at all to suspect that the procedure through which his claim was denied failed to meet constitutional norms"). Accordingly, the Commissioner's motion to dismiss should be granted.

### III.

For the foregoing reasons, the undersigned United States Magistrate Judge recommends that the Commissioner's motion to dismiss be GRANTED.

s/*Nancy A. Vecchiarelli*
U.S. Magistrate Judge

Date: December 22, 2011

### OBJECTIONS

**Any objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation. 28 U.S.C. § 636(b)(1). Failure to file objections within the specified time may waive the right to appeal the District Court's order. See *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).**