UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
:
RICHARD L. BELL,                                :      CASE NO. 1:11-CV-2092
                                                :
      Plaintiff,                               :
                                                :
vs.                                             :      ORDER
                                                :      [Resolving Doc. No. 15]
MICHAEL J. ASTRUE,                              :
Commissioner of Social Security,                :
                                                :
      Defendant.                               :
                                                :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

      Plaintiff Richard Bell sought a hearing before an administrative law judge ("ALJ") in connection with his application for Social Security disability benefits. The hearing request was denied as untimely, and Bell sought relief in this Court. [Doc. 1.] The Magistrate Judge recommended dismissing the claim because Bell failed to exhaust his administrative remedies as required by 42 U.S.C. § 405(g), and because he failed to assert a colorable constitutional claim that would vest this Court with jurisdiction. [Doc. 11.] This Court thereafter adopted that Report and Recommendation ("R&R"). [Doc. 14.] Bell now moves for reconsideration of that order, or alternatively, to re-file his objections. For the reasons that follow, this Court DENIES Bell's motion for reconsideration, and DENIES his motion to re-file his objections.

I. Background

      Bell initially applied for disability insurance benefits more than four years ago, and had his initial application denied in April 2008. [Doc. 1.] More than two years later, in October 2010, Bell requested a hearing before an ALJ, which was also denied for late filing. [Id.] Over the next year

Case No. 1:11-CV-2092
Gwin, J.

there came to pass a number of appeals, denials, and requests for reconsideration.

In October 2011, Bell sought relief in this Court. Specifically, he asked that a hearing be scheduled regarding his application for disability benefits. [*Id.*] In response, the Defendant moved to dismiss the complaint because Bell had failed to exhaust his administrative remedies, a failure the Defendant says denies the district court of subject-matter jurisdiction. [Doc. 8-1.] *See* 42 U.S.C. § 405(g). Bell opposed the motion, contending that this Court maintains jurisdiction should the plaintiff allege a constitutional claim. [Doc. 10.] Bell contended that Defendant's failure to provide notice to Bell's counsel of a prior denial of a reconsideration request violated due process. [*Id.*] Plaintiff claims that he submitted an "Appointment of Representative" form to the Social Security Administration, but that Defendant failed to process that form in a timely manner.

The Magistrate Judge recommended granting Defendant's motion to dismiss Bell's complaint. [Doc. 11.] In her R&R, she considered both the statutory jurisdictional argument raised by the Defendant, as well as the constitutional jurisdictional argument raised by Bell. With regards to the latter, the Magistrate Judge wrote, "Plaintiff has not set forth an argument for how his right to procedural due process was violated; he has merely raised questions of whether his counsel is entitled to notice. . . . [He] utterly fails to allege, explain, present evidence, or cite evidence that his counsel did not receive notice." [*Id.*]

Objections to the Magistrate Judge's recommendation were due January 5, 2012. On January 4, 2012, Plaintiff filed a "Motion for reconsideration and objection to [the R&R]." [Doc. 12.] That motion states that Plaintiff's counsel did not understand how to attach documents to his reply brief through the electronic filing system. [*Id.*] Had those documents been included, counsel says, the Magistrate Judge could have determined that there is a colorable constitutional issue that would vest

Case No. 1:11-CV-2092
Gwin, J.

jurisdiction in the district court. [*Id.* at 2.] The Magistrate Judge denied the motion after construing it as a motion for reconsideration. [Doc 13.] She noted that the district court's website contained step-by-step instructions on how to attach documents, and that Plaintiff's counsel did not explain why he did nothing until thirteen days after the original report was issued. [*Id.* at 4.] The Magistrate Judge also stated, in a footnote, that objections to her report should not have been combined with a motion for reconsideration. [*Id.*, at 3 n.1.] Rulings on an objection, she noted, "are the province of the District Court Judge." [*Id.*]

Plaintiff made no further objection to the Magistrate Judge's report or orders. On May 11, 2012, this Court adopted the Report and Recommendation of the Magistrate Judge and granted Defendant's motion to dismiss. [Doc. 14.] Ten days later, the instant motion followed. Bell now asks this Court to reconsider its order adopting the Magistrate Judge's Report and Recommendation, or in the alternative, to grant him leave to re-file his objections. [Doc. 15.] Defendant has not responded.

II. Law & Analysis

When Plaintiff filed his motion for reconsideration of the Magistrate Judge's Report and Recommendation, he *also* filed his objections to that R&R in the same document. [Doc. 12.] The Magistrate Judge considered that motion as a whole, and this Court issued its order adopting the R&R without considering any objections from Plaintiff.

Bell contends that after the Magistrate Judge denied his motion for reconsideration, his counsel contacted the Court for clarification. [Doc. 15 at 2.] During that conversation, a Court employee allegedly told Bell's counsel that there was no need to re-file his objections, and that "the Judge would rule on Plaintiff's objections or adopt the decision of the Magistrate." [*Id.*] Bell offers

-3-

Case No. 1:11-CV-2092
Gwin, J.

two pieces of evidence in support of this claim. First, he offers a case note prepared by his attorney that states that on January 31, 2012, the attorney "[a]gain spoke with Terry . . . who stated that the objections are still there and the district Judge will either adopt the Magistrates [sic] recommendation or overrule it based on my objections." [Doc. 15-1.] He also offers his attorney's affidavit declaring that this conversation actually took place. [Doc. 15-2.]

Plaintiff's contention notwithstanding, the Magistrate Judge expressly told the parties that motions for reconsideration and objections to an R&R may not be jointly filed. *See* doc. 13, at 3 n.1 ("A party may not seek review of a Magistrate Judge's order by both the Magistrate Judge in a motion for reconsideration and the District Judge in an objection simultaneously."). But even if this Court were to review the substantive objections to the Magistrate Judge's R&R, the outcome would be the same. Plaintiff failed to present timely evidence of a colorable constitutional claim.

Plaintiff's objections to the R&R all relate to his due process argument. Evidence in support of that argument could have been produced prior to the R&R, but Plaintiff's counsel failed to do so. *See* doc. 13. Therefore, this Court denies the motion to reconsider. *See McConocha v. Blue Cross & Blue Shielfd Mut. of Ohio*, 930 F. Supp. 1182, 1184 (N.D. Ohio 1996) ("It is not the function of a motion to reconsider . . . to proffer a new legal theory or new evidence to support a prior argument when the legal theory or argument could, *with due diligence*, have been discovered and offered during the initial consideration of the issue." (internal quotation marks omitted) (emphasis added). Likewise, objections to an R&R are not the proper vehicle for presenting evidence that should have been presented initially to the Magistrate Judge.[1/] *See* Mag. J. initial order, doc. 4 ("All facts relevant

---

[1/] This situation is different than those in which new evidence is presented after the administrative process that was previously unavailable. *See Pyburn v. Astrue*, 2011 WL 4436522, at *3 (E.D. Tenn. Sept. 23, 2011) (for purposes of a sentence six remand, "[e]vidence is 'new' if it was not in existence or available to the claimant at the time of the

Case No. 1:11-CV-2092
Gwin, J.

to the legal issues and discussion must be set forth in the 'Facts' section . . . . The parties are expected to fully and fairly present to the Court all relevant evidence in the record, both favorable and unfavorable."). *See also* Stewart v. Proctor & Gamble Co., 2008 WL 4144768 (S.D. Ohio Sept. 3, 2008). Plaintiff cannot show good cause for failing to present this evidence initially.

Even if this Court were to overlook the numerous instances of procedural default, it would still lack jurisdiction. Plaintiff's constitutional argument is not a colorable one. Plaintiff himself received notice of the adverse ruling, and the period of delay from that ruling until the request for an ALJ hearing is unreasonable. Moreover, Plaintiff's claim is effectively one rooted in the *Accardi* doctrine. United States ex rel. Accardi v. Shaughnessy, 347 U.S. 260, 265-67 (1954) (noting that agencies have an obligation to abide by their own regulations). Plaintiff fails, however, to point to any regulations indicating how Defendant ought to process "Appointment of Representative" forms.

III. Conclusion

For the foregoing reasons, Plaintiff Bell's motions for reconsideration or for leave to re-file his objections are DENIED.

IT IS SO ORDERED.

Dated: November 6, 2012           s/ *James S. Gwin*
         JAMES S. GWIN
         UNITED STATES DISTRICT JUDGE

---

administrative proceeding") (quotation marks omitted). *See also* 42 U.S.C. § 405 ("[the court] may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding.").